# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-0449V
UNPUBLISHED

|  |  |
|---|---|
| KAREN OWENS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 5, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Tetanus, Diphtheria,<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On March 27, 2018, Karen Owens filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered the Table injury of shoulder injury related to vaccine administration ("SIRVA") after receiving a tetanus, diphtheria, acellular pertussis ("Tdap") vaccination on April 13, 2015. Petition at 1, ¶ 2. Petitioner further alleges that she received the vaccination in the United States, that she suffered the residual effects of her SIRVA for more than six months, and that neither she nor any other party has filed a civil action or received compensation for her SIRVA. *Id.* at ¶¶ 2,

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

12, 14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 31, 2019, I issued a fact ruling, finding there is preponderant evidence to establish that "Petitioner suffered the residual effects of her injury for more than six months." Fact Ruling at 2, ECF No. 32. Subsequently, Respondent indicated he wished to file an amended Rule 4 report and is willing to discuss informal resolution in this case." Status Report, filed Dec. 2, 2019, ECF No. 33.

Respondent has filed his amended Rule 4 report advising that, accepting my factual finding regarding the statutory six month requirement "as the law of the case for purposes of further proceedings, . . . DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table." Rule 4 Report, filed Jan. 31, 2020, at 2, ECF No. 37. Respondent adds that "based on the record as it now stands and subject to his right to appeal the Ruling of Facts, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 6.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master